ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VIII

| GEORGE MUÑOZ VÁZQUEZ<br><br>Parte Apelante<br><br><br>v.<br><br><br><br>OFFICE MAX PUERTO RICO, INC.; OFFICE DEPOT PUERTO RICO, LLC.<br><br>Parte Apelada | KLAN202300753 | *Apelación,* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2020CV06910<br><br>Sobre:<br>Represalias en el empleo (Ley-115-1991), Despido Injustificado (Ley-80-1976), Discrimen en el empleo; Discrimen por razón de edad (Ley 100-1959) Procedimiento Sumario Laboral dispuesto en la Ley núm. 2 del 17 de octubre de 1961 |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Monge Gómez, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 27 de noviembre de 2023.

Compareció ante este Tribunal la parte apelante, George Muñoz Vázquez (en adelante, el "señor Muñoz Vázquez" o el "Apelante") mediante recurso de apelación presentado el 25 de agosto de 2023. Nos solicitó la revocación de la *Sentencia* dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, el "TPI") el 15 de agosto de 2023, notificada y archivada en autos el 17 de agosto de 2023. Mediante el referido dictamen, el foro apelado determinó que el despido fue uno justificado y desestimó la "**Querella**" instada por el Apelante.

Por los fundamentos que expondremos a continuación, *confirmamos* la *Sentencia* apelada.

**I.**

El 18 de diciembre de 2020, el señor Muñoz Vázquez presentó "**Querella**" contra Office Depot Puerto Rico LLC. (en adelante, "Office Depot" o "Apelado") por represalias en el empleo, despido injustificado y discrimen por razón de edad. Alegó que fue terminado de su empleo sin justa causa, por lo que reclamó una compensación de $95,123.00 por

concepto de mesada, al amparo de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, mejor conocida como "Ley sobre Despidos Injustificados", 29 LPRA sec. 185a *et seq*. Además, arguyó que fue objeto de represalias en violación a las disposiciones de la Ley Núm. 115-1991, según enmendada, conocida como la "Ley contra el Despido Injusto o Represalias a todo Empleado por Ofrecer Testimonio ante un Foro Legislativo, Administrativo o Judicial", 29 LPRA sec. 194 *et seq*. A razón de lo anterior, solicitó la reinstalación en el empleo con todos sus beneficios, compensación por los ingresos dejados de devengar, indemnización por concepto de daños estimados en una suma no menor de $50,000.00, más la doble penalidad, y el pago de honorarios de abogados a razón del 25% de todas las sumas concedidas.

En respuesta, el 31 de diciembre de 2020, Office Depot presentó "**Contestación a la Querella**"**.** En síntesis, alegó que el despido del Apelante fue uno completamente justificado, ya que surgió como consecuencia de una investigación interna realizada por el Apelado en respuesta a quejas e imputaciones de conductas impropias y contrarias a las políticas de la empresa. Dicha investigación, alegadamente, reveló que el señor Muñoz Vázquez incurrió en falta de integridad y deshonestidad por asignar a sus subordinados funciones y responsabilidades que le correspondían a él, entre otras cosas contrarias a la misión y visión de la compañía.

Luego de varios trámites procesales impertinentes, el 24 de junio de 2021, el TPI emitió *Sentencia Parcial* en la que dio por desistida, con perjuicio, la reclamación de discrimen por razón de edad interpuesta por el señor Muñoz Vázquez. Posteriormente, el 2 de febrero de 2022 el foro primario declaró "Ha Lugar" una "**Moción de Sentencia Sumaria Parcial**" presentada por Office Depot y desestimó la causa de acción por represalias presentada por el Apelante. Así, pues, quedó pendiente de adjudicación en los méritos de las alegaciones sobre despido injustificado.

Celebrada la vista en su fondo los días 8 al 10, 12 y 18 de mayo de 2023, así como el 12 de junio de 2023, el 15 de agosto de 2023 el TPI emitió *Sentencia* en la que determinó que el Apelado mostró con

preponderancia de la prueba que el despido del señor Muñoz Vázquez fue uno justificado.

Inconforme con el aludido dictamen, el señor Muñoz Vázquez presentó el recurso de apelación que nos ocupa y le imputó al foro primario haber cometió los siguientes errores:

**ERRÓ EL TPI AL CONCLUIR QUE EL DESPIDO FUE INJUSTIFICADO, CUANDO LAS DETERMINACIONES DE HECHO[S] NO ESTABLECEN QUE EL QUERELLANTE HAYA INCURRIDO EN CONDUCTA INCORRECTA.**

**ERRÓ EL TPI Y ABUS[Ó] DE SU DISCRECI[Ó]N AL CONCLUIR QUE EL DESPIDO FUE JUSTIFICADO.**

A tenor con los errores planteados ante nos, el 28 de agosto de 2023 el Apelante presentó "**Moci[ó]n Informativa sobre Exposición Narrativa de la Prueba**". Mediante la misma, informó que interesaba que se consideraran los testimonios de Alex Franco Díaz, Aneisha Rogers Scott, Alexander Gutiérrez y George Muñoz. Además, indicó que auscultaría con la representación legal del Apelado si poseía los testimonios transcritos de los aludidos testigos para proveerlos a este Tribunal de Apelaciones. Ante ello, solicitó a este Tribunal que le concediera un término de diez (10) días para notificar mecanismo de reproducción de la prueba oral que se utilizaría.

Posteriormente, el 8 de septiembre de 2023, compareció Office Depot mediante "**Contestación a 'Moción Informativa sobre Exposición Narrativa de la Prueba' y Solicitud de Orden**" en la que, entre otras cosas, solicitó la desestimación del recurso debido a que el Apelante no anunció su intención de someter una transcripción o una exposición narrativa de la prueba testifical dentro del término reglamentario.

El 14 de septiembre de 2023, este Tribunal emitió *Resolución* en la que le ordenó al Apelante a tramitar, en el plazo de diez (10) días, la regrabación de los procedimientos celebrados ante el TPI y le concedió un término de treinta (30) días, a partir de la entrega de dicha regrabación, para presentar la transcripción de la prueba oral debidamente estipulada.

Luego de acaecidos varios trámites procesales a nivel apelativo, el 20 de octubre de 2023, el señor Muñoz Vázquez presentó un escrito

intitulado "**Proyecto de Exposición Narrativa Oral propuesto por la parte querellante-apelante**". El 24 de octubre de 2023 emitimos una *Resolución* en la cual ordenamos el desglose del aludido escrito, por haber incumplido nuestra orden para que se presentara la transcripción de la prueba oral, debidamente estipulada. En vista de lo anterior, le concedimos un plazo de diez (10) días al señor Muñoz Vázquez para que cumpliera con lo ordenado y presentara la transcripción de la prueba oral del juicio debidamente estipulada.

Insatisfecho, el Apelante presentó "**Solicitud de Reconsideración a Resolución del 24 de octubre de 2023**" en la cual suplicó se acogiera el proyecto de exposición narrativa de la prueba. En desacuerdo, el 26 de octubre de 2023, Office Depot presentó "**Oposición a 'Solicitud de Reconsideración a Resolución del 24 de octubre de 2023' y Solicitud de Orden**".

Examinados ambos escritos, dictamos una nueva *Resolución* mediante la cual declaramos "No Ha Lugar" la solicitud de reconsideración presentada por el señor Muñoz Vázquez y lo apercibimos de que si no comparecía dentro del término concedido adjudicaríamos el recurso sin el beneficio de la transcripción de la prueba oral. El 31 de octubre de 2023, el Apelante presentó "**Moción Informativa en relación a Resolución del 30 de octubre de 2023**". En síntesis, informó que prescindiría de presentar la transcripción de la prueba desfilada durante el juicio. El 1 de noviembre de 2023, este Tribunal emitió *Resolución* en la que se dio por enterado de lo informado por el Apelante y le concedió un término de veinte (20) días al Apelado para que presentara su alegato en oposición al recurso.

El 2 de noviembre de 2023, compareció el Apelado mediante "**Segunda Moción de Desestimación por Falta de Jurisdicción e Incumplimiento con Orden de este Honorable Tribunal de Apelaciones**", en la cual planteó que procedía la desestimación del recurso, toda vez que no estaríamos en condiciones de evaluar los señalamientos de error presentados por el Apelante ante la falta de una transcripción de la prueba oral. Como consecuencia, el 6 de noviembre de 2023, emitimos *Resolución* en la que declaramos "No Ha Lugar" la segunda

solicitud de desestimación presentada por Office Depot y se le apercibió del plazo concedido mediante la *Resolución* de 1 de noviembre de 2023.

Así las cosas, el 21 de noviembre de 2023, el Apelado presentó su alegato en oposición al recurso.

Con el beneficio de la comparecencia de ambas partes, procedemos a adjudicar los méritos del recurso ante nos.

**II.**

Es norma conocida en nuestro ordenamiento jurídico que, ante la ausencia de error manifiesto, prejuicio, parcialidad o pasión, no se favorece la intervención de los tribunales apelativos para revisar la apreciación de la prueba, la adjudicación de credibilidad o las determinaciones de hechos formuladas por el Tribunal de Primera Instancia. Ortiz Ortiz v. Medtronic Puerto Rico Operations, Co., 209 DPR 759, 779 (2022). Al respecto, la Regla 42.2 de las Reglas de Procedimiento Civil dispone que: [l]as determinaciones de hechos basadas en testimonio oral no se dejarán sin efecto a menos que sean claramente erróneas, y se dará la debida consideración a la oportunidad que tuvo el tribunal sentenciador para juzgar la credibilidad de los testigos. 32 LPRA Ap. V, R. 42.2.

Es decir, un tribunal apelativo no tiene facultad para sustituir por sus propias apreciaciones las determinaciones del foro de instancia. Serrano v. Auxilio Mutuo, 171 DPR 717, 741 (2007). La razón jurídica detrás de esta normativa se fundamenta en la apreciación que hace el adjudicador de los hechos de la prueba testifical, porque al ser una tarea llena de elementos subjetivos, es él quien está en mejor posición para aquilatarla. Sucn. Rosado v. Acevedo Marrero, 196 DPR 884, 917 (2016). El Tribunal de Primera Instancia es el foro que tiene la oportunidad de escuchar el testimonio y apreciar el comportamiento de los testigos. Dávila Nieves v. Meléndez Marín, 187 DPR 750, 771 (2013). Basándose en ello, adjudica la credibilidad que le merecen los testimonios. Así, la declaración directa de un sólo testigo, de ser creída por el juzgador de hechos, es prueba suficiente de cualquier hecho. SLG Rivera Carrasquillo v. AAA, 177 DPR 345, 357 (2009).

A tenor con lo anterior, se le concede respeto a la adjudicación de credibilidad realizada por el juzgador primario de los hechos, dado que el foro apelativo cuenta solamente con "récords mudos e inexpresivos". Trinidad v. Chade, 153 DPR 280, 291 (2001). No obstante, la norma de deferencia judicial tiene límites y no supone una inmunidad absoluta frente a la función de los tribunales revisores. El Tribunal Supremo aclaró en Dávila Nieves v. Meléndez Marín, *supra*, qué constituye que un juez adjudique con pasión, prejuicio o parcialidad, o que su determinación sea un error manifiesto. Allí se concluyó que un juzgador incurre en pasión, prejuicio o parcialidad si actúa "movido por inclinaciones personales de tal intensidad que adopta posiciones, preferencias o rechazos con respecto a las partes o sus causas que no admiten cuestionamiento, sin importar la prueba recibida en sala e incluso antes de que se someta prueba alguna". Íd., pág. 782.

Por otro lado, se consideran claramente erróneas las conclusiones del foro revisado si de un análisis de la totalidad de la evidencia, el foro apelativo queda convencido de que "se cometió un error, [...] [porque] las conclusiones están en conflicto con el balance más racional, justiciero y jurídico de la totalidad de la evidencia recibida". Íd., pág. 772. En otras palabras, incurre en un error manifiesto cuando "la apreciación de esa prueba se distancia de la realidad fáctica o es inherentemente imposible o increíble". Pueblo v. Toro Martínez, 200 DPR 834, 859 (2018).

Por lo tanto, la facultad de los tribunales apelativos para sustituir el criterio de los tribunales de instancia se reduce a aquellas circunstancias en las que, a la luz de la prueba admitida, "no exista base suficiente que apoye su determinación". Gómez Márquez *et al*. v. El Oriental, 203 DPR 783, 794 (2020). Como es conocido, las diferencias de criterio jurídico no cumplen con el referido estándar de revisión. Íd.

En lo referente a las apelaciones dirigidas a cuestionar la apreciación de la prueba efectuada por el foro primario, la Regla 19 del Reglamento de este Tribunal, en lo pertinente, establece lo siguiente:

(A) Cuando la parte apelante haya señalado algún error relacionado con la suficiencia de la prueba testifical o con la apreciación errónea de ésta por parte del tribunal apelado,

someterá una transcripción, una exposición estipulada o una exposición narrativa de la prueba.

(B) La parte apelante deberá acreditar, dentro del término de diez días siguientes a la presentación de la apelación, que el método de reproducción de la prueba oral que utilizará es el que propicia la más rápida dilucidación del caso, pudiendo el tribunal determinar el método que alcance esos propósitos. 4 LPRA Ap. XXII-B, R. 19.

Relativo a lo anterior, la Regla 76 de dicho cuerpo reglamentario establece que la parte que cuestiona la apreciación de la prueba oral notificará al Tribunal de Apelaciones, no más tarde de diez (10) días desde que se presentó el escrito de apelación, que se propone transcribir la prueba oral, con expresión de las razones por las que considera que la transcripción es indispensable y propicia mayor celeridad en el proceso. 32 LPRA Ap. XXII-B, R 76. Autorizada la transcripción, el proponente podrá solicitar al tribunal de instancia la regrabación de los procedimientos. Íd.

**III.**

En el caso ante nos, el Apelante trae ante nuestra consideración dos (2) planteamientos de error que cuestionan la apreciación de la prueba realizada por el TPI, así como las determinaciones de hechos a la cuales arribó el foro primario en la *Sentencia* apelada.

Según discutido anteriormente, el Apelante nos solicita que revisemos las determinaciones de hecho realizadas por el TPI, ya que según alega, éstas no sustentan la conclusión de que el despido fue uno justificado y, por tanto, sostiene que el foro *a quo* incurrió en un abuso de discreción al aquilatar la prueba desfilada. Ante la naturaleza de los planteamientos ante nuestra consideración, ordenamos al señor Muñoz Vázquez a que solicitara la regrabación de los procedimientos celebrados ante el TPI y procediera a presentar la transcripción de la prueba oral del juicio, debidamente estipulada. Sin embargo, el Apelante prescindió de así hacerlo. Como consecuencia de esto, este Tribunal no se encuentra en posición de evaluar los planteamientos esgrimidos por el señor Muñoz Vázquez sobre la manera en que el foro primario aquilató y apreció la prueba presentada durante la vista en su fondo. Nos explicamos.

Es norma conocida en nuestro ordenamiento jurídico que, ante la ausencia de error manifiesto, prejuicio, parcialidad o pasión, no se favorece

la intervención de los tribunales apelativos para revisar la apreciación de la prueba, la adjudicación de credibilidad o las determinaciones de hechos formuladas por el foro de instancia. Ortiz Ortiz v. Medtronic Puerto Rico Operations, Co., *supra*. Asimismo, es sabido que, en nuestra jurisdicción, las partes que recurren ante este Tribunal tienen la ineludible responsabilidad de cumplir rigurosamente con las pautas reglamentarias aplicables que regulan el proceso de perfeccionamiento de los recursos que se presentan ante nuestra consideración. Hernández Maldonado v. Taco Maker, *supra*. Nuestro Reglamento establece que la parte apelante está en la obligación de presentar una transcripción de la prueba, una exposición estipulada de la misma o una exposición narrativa de la evidencia oral presentada ante el foro de instancia cuando esgrime planteamientos de error cuestionando la apreciación errónea de la evidencia y las determinaciones de hechos del tribunal de instancia.[1]

Según se desprende del expediente, tenemos ante nuestra consideración planteamientos relativos a la apreciación de la prueba y tendentes a sugerir que las determinaciones de hechos no están sostenidas por la evidencia desfilada. No obstante, el expediente no cuenta con una transcripción de la prueba oral que nos permita evaluar la validez de los planteamientos traídos ante nuestra consideración, toda vez que el Apelante renunció a así hacerlo. Por lo tanto, en ausencia de ello, éste Tribunal está obligado a abstenerse de revisar las determinaciones de hechos y la apreciación que le dio el foro primario en su ejercicio de aquilatar la prueba que tuvo ante su consideración.

En fin, a pesar de que sus argumentos ante nos están centrados en que el TPI cometió error al apreciar la evidencia desfilada y que sus conclusiones de derecho no se ajustan a la prueba admitida durante el juicio, el Apelante entendió que este Tribunal bien podría evaluar los méritos del recurso sin el beneficio de la reproducción de la prueba oral. Sostenemos, en cambio, que dicha herramienta era indispensable para ejercer nuestra función revisora. La ausencia de la transcripción prueba oral

---

[1] *Véanse*, Reglas 19 y 76 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, RR. 19 y 76.

que justifique nuestra intervención no permite que el Tribunal de Apelaciones tenga los elementos para descartar la apreciación razonada y fundamentada del foro de instancia. Hernández Maldonado v. Taco Maker, *supra*, pág. 289.

En otras palabras, estamos ante un panorama en el que contamos con simples alegaciones que no derrotan la presunción de corrección que cobija las determinaciones de hechos y conclusiones basadas en la prueba oral, ni la adjudicación de credibilidad que efectuó el foro primario. Por lo tanto, huérfano el expediente apelativo de evidencia específica tendente a establecer que el TPI actuó con pasión, prejuicio, parcialidad o error manifiesto, no estamos en condiciones de variar el dictamen apelado. A la luz de ello, este foro apelativo no se encuentra en posición de atender los reclamos que allí se le plantean, por lo que resulta forzoso confirmar el dictamen apelado.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral del presente dictamen, *confirmamos* la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones